IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MANUEL ESCOBAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO: A09CA 268LY |
| | § | |
| DONALD DYER d/b/a | § | |
| PROFESSIONAL JANITORIAL | § | |
| SERVICE OF TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant DONALD DYER d/b/a PROFESSIONAL JANITORIAL SERVICE OF TEXAS, INC. ("Defendant")[1] answers Plaintiff's "Complaint and Demand for Jury Trial" (the "Complaint") as follows:

1.      Paragraph 1 of the Complaint states that Plaintiff is bringing this lawsuit for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA"). Defendant denies that he/it is liable to Plaintiff in any way under the FLSA.

2.      Upon information and belief, Defendant admits that Plaintiff is a resident of Travis County, Texas.

3.      To the extent that Paragraph 3 is referring to Donald Dyer, Defendant admits that Donald Dyer is an individual residing in Travis County. However, Defendant is not properly identified.

---

[1] The correct name of Plaintiff's employer is PJS of Texas, Inc.

4. Defendant admits that federal subject-matter jurisdiction is conferred by the statutes cited. Defendant denies the remaining allegations in Paragraph 4 to the extent they refer to the Defendant as named. Defendant admits that PJS of Texas, Inc. is engaged in commerce as alleged and that Plaintiff was engaged in commerce as alleged. Defendant denies the remaining allegations.

5. Defendant admits that Plaintiff was an employee of PJS of Texas, Inc. as alleged in Paragraph 5 of the Complaint. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6 of the Complaint but further states Plaintiff was paid at the appropriate rate for any overtime worked.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that the FLSA requires payment of time and one-half of an employee's normal rate of pay in certain circumstances and that Plaintiff is apparently seeking liquidated damages as the amount of unpaid overtime, but denies that Defendant violated the FLSA or that Plaintiff is entitled to any recovery under the FLSA.

10. Defendant admits that Plaintiff is seeking liquidated damages under the FLSA but denies that it violated the FLSA or that Plaintiff is entitled to any recovery under the FLSA.

11. Defendant admits that Plaintiff is seeking out-of-pocket expenses, costs of court, and reasonable attorneys' fees but denies that Plaintiff is entitled to any recovery from Defendant.

12. All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

13. Plaintiff's claims are subject to binding arbitration pursuant to his prior agreement to arbitrate all disputes arising out of his employment with Defendant.

14. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

15. Plaintiff's claims are barred by the applicable statute of limitations.

16. Plaintiff has failed to mitigate his damages.

17. Defendant acted, at all relevant times, in good faith to comply with the FLSA.

18. Any violations of the FLSA, if any, were *de minimis*.

19. Plaintiff is not entitled to liquidated damages because under Section 11 of the Portal-to-Portal Act, Defendant acted in good-faith and had reasonable grounds for believing its acts did not violate the FLSA.

20. Plaintiff is not entitled to prejudgment interest because Defendant acted in good-faith or because such interest is not otherwise properly recoverable.

21. Plaintiff's claim is barred by the doctrine of laches.

22. Plaintiff's claim is barred by the doctrine of estoppel.

23. Plaintiff was not employed by Donald Dyer d/b/a Professional Janitorial Service of Texas, Inc. as there is no such entity.

Accordingly, Defendant requests that Plaintiff take nothing by this lawsuit, that Defendant receive the judgment of the Court and that Defendant receive all other relief, including costs and attorneys' fees, to which it is entitled.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)


By: _/s/ Clara B. Burns_____
        CLARA B. BURNS
        State Bar No. 03443600

        Attorneys for Defendant


## CERTIFICATE OF SERVICE

This is to certify that on June 11, 2009, I electronically filed Defendant's Original Answer with the clerk of the court for the United States District Court, Western District of Texas, Austin Division, using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept that Notice of service of this document by electronic means:

Charles Scalise
The Ross Law Group
1104 San Antonio Street
Austin, Texas 78701

Attorney for Plaintiff

        _/s/ Clara B. Burns_____
        CLARA B. BURNS